The plaintiff's counsel said that this was no new action; that the same had been done at Halifax, in Barrow v. Barrow, some years ago, where the Court ordered the property to be sequestered under that part of the act of 1782, ch. 11, where it is provided that during the dependence of the suit, at any time, the Court may require further security from a defendant, or, in failure thereof, make use of such personal process as was formerly used by the court of chancery held in this State, and incident to the chancery jurisdiction, and shall in all cases have power to order such process to enforce their sentences or decrees as have usually belonged to courts of chancery.
It would have been much better had he been held to bail at first. The answer denies, but faintly, some of the material charges in the bill. It is possible she may be entitled to a decree. The affidavit shows he is probably devising means to defeat the decree when it shall be given, and that he is about to abscond. Shall we sit still and see him take his measures to defeat the decree, if any should be given, and not take any steps to prevent it? The Court will surely do something to secure the complainant the benefit of any decree that may hereafter be given in her favor. The common process of a ne exeat or capias to arrest and hold to bail, it is said, and indeed it is very *Page 269 
probable, will not answer the purpose. Should his property be seized under the order moved for, he may be restored to the possession of it again by giving security to perform the decree. All the difference between this sequestration and that used in the English courts is that this is more speedy than theirs, where there must first be a sergeant at arms, and a return, etc., a practice not always competent here to effect the purpose of justice, because of our local situation. The practice of this Court was decided to be according to the present motion, two or three years ago at Halifax, in Barrow v. Barrow, by ASHE and WILLIAMS, JJ. They knew what the practice was in our court of chancery before the Revolution, and probably grounded that order upon the clause cited from the act of 1782. We think therefore, that upon the strength of that precedent the present motion should be allowed.
The Court then inquired into the amount of the defendant's fortune, and ordered him to give security for the performance of the decree, in the sum of £ 1,000, and, until he did this, that his property to that amount should be sequestered by a person named by them for that purpose, and ordered a writ to issue accordingly.
NOTE — Aliter where there is only a suggestion that the husband is wasting his property. Spiller v. Spiller, post, 482.