CATHARINE MCQUEEN v. ALEXANDER J. MCQUEEN.

*Divorce, evidence in— Witness, credit of.*

1. In an action for divorce, all the facts relied on as constituting the cause must be specifically set out in the petition, verified by the oath of the petitioner, and proved to the satisfaction of the jury. And it is error in the court not to confine the proof to the specific facts charged.

2. A witness cannot be allowed to strengthen or confirm his credit as to matter really in issue, by his evidence of a fact foreign to the issue.

(*Whittington* v. *Whittington*, 2 Dev. & Bat., 64; *Wood* v. *Wood*, 5 Ired., 674; *Foy* v. *Foy*, 13 Ired., 90, cited and approved.)

CIVIL ACTION for Divorce *a mensa et thoro* tried at Fall Term, 1879, of RICHMOND Superior Court, before *Seymour, J.*

Judgment was rendered for the plaintiff upon the verdict, and the defendant appealed.

*Messrs. J. D. Shaw, McNeil & McNeil* and *Battle & Mordecai*, for plaintiff.

*Mr. B. Fuller*, for defendant.

DILLARD, J.   On the appeal to this court error is assigned in the refusal of His Honor to hold the facts found by the jury insufficient in law to authorize the divorce prayed for, in the instructions given and refused, and also, in the admission of evidence.

The petitioner in her complaint, after showing the marriage in the spring of 1873, alleges specific acts of cruelty and indignity, beginning in the summer of 1874, and repeated at intervals through the years of 1875,–'76,–'77 as constituting a case which entitles her to a divorce *a mensa et thoro*.

Separate issues were framed and submitted to the jury as

to the truth of the several facts alleged in the complaint. In the progress of the trial, the defendant requested His Honor to restrict the proofs to the specific facts alleged as the grounds of divorce and embraced within the issue; but His Honor refused so to confine the plaintiff, and said she might go further and by evidence show the result or effect upon her of the conduct of the defendant as alleged in her complaint, and for this purpose and to this extent, leave was given to amend the complaint.

In the course of the evidence the plaintiff testified that in July, 1873, the defendant got mad with her, and she feeling some trouble about the matter went and called him, and he refused to answer. That being afraid to go to sleep, she then asked defendant if he would slip into her room and kill her in case she should fall asleep, and no answer being made, she left the house at ten o'clock at night through fear, and went to the house of her brother, Neill McDonald, and related to him the occurrence substantially as then deposed to. Neill McDonald was then allowed to corroborate the plaintiff by showing that she came to his house and made to him the same statement as that made by her on the trial.

In the case of appeal made out for this court, His Honor states that no amendment was asked for and no issue submitted as to the above transaction in July, 1873, and we think there was error in admitting the testimony of the plaintiff on this point, and the evidence of McDonald in corroboration.

The law will not sanction and authorize by its sentence the separation of husband and wife except for legal cause and on the special terms prescribed in the statute, and settled by the adjudications of this court, as to the pleadings and procedure for that purpose. Hence it is that all the facts, relied on as constituting the cause, are required to be set forth in a petition, and verified by the oath of the petitioner, and as to the manner of their allegation and the pro-

cedure thereon, they are to be charged, as far as possible, specifically and definitely, and be proved to the satisfaction of a jury and found by them to be true.  *Whittington* v. *Whittington*, 2 Dev. & Bat., 64 ; *Wood* v. *Wood*, 5 Ired., 674 ; *Foy* v. *Foy*, 13 Ired., 90.

This particularity, in the statement of the facts, is evidently required for the twofold purpose, that it may appear to the court that the party seeking the divorce has a case fit to be heard, and that the specific acts or conduct of the party complained against, may be known to him or her, so that preparations may be made intelligently to meet the charges.  A husband, from whose bed and board a wife seeks to be allowed to separate herself, owes the duty to himself and to society, and has the right, in discharge of that duty to be definitely informed of all the acts alleged and such as are to be given in evidence against him, or otherwise he may be surprised and thereby a great wrong perpetrated both upon him and on the public.  *Cases supra.*

In view of this plain object of the law, not to sanction a dissolution of the marital obligations, whether total or partial, except in case of the truth of the facts on which the sentence of the law is asked, it seems obvious that the admission of the evidence of the wife as to the transaction in July, 1873, and the corroboration thereof by the testimony of McDonald, should not have been allowed.

The complaint contained no suggestion of any want of perfect harmony between the parties all through 1873, and therefore it is to be assumed that defendant was in the dark as to such an allegation against him, and hence was unprepared to meet the proof.  The evidence was irrelevant to any issue before the jury, and being unreplied to, it may have had and most likely did have the effect, through the sympathy of the jury, to produce a response to the issues submitted to them differently from what it otherwise would have been.  The reception of this evidence was objection-

able also, in its tendency to prevent a proper consideration of the credit that was due to the evidence of the plaintiff and defendant touching the facts in issue before the jury.

Without evidence as to this fact, the parties were before the jury with an estimate to be given to their respective evidence dependent on the manner and the matter of their several statements, but when plaintiff was received to prove this outside matter and then to confirm herself as to it by McDonald, the effect may have been to give her evidence the preponderance on the real issues on which the divorce depended.

It is inadmissible for a party or witness to confirm or strengthen his credit as to matters really in issue by his evidence of a fact foreign to the issue, although corroborated as to such fact.

For the error in admitting proof by plaintiff of the occurrence in July, 1873, and in receiving the evidence of McDonald to corroborate her, there must be a new trial and it is so ordered.

Error. *Venire de novo.*