## LOLA STEELMAN BATTS v. JOHN NATHANIEL BATTS.

(Filed 16 April, 1958)

**1. Pleadings § 30—**

　　A motion to strike irrelevant or redundant matter from a pleading is made as a matter of right when made in apt time.

**2. Pleadings § 31—**

　　The test upon motion to strike allegations from a pleading on the ground of irrelevancy or redundancy is whether the pleader has the right to introduce in evidence the facts to which the allegations relate.

**3. Appeal and Error § 47—**

　　The denial of a motion to strike, even though the motion is made in apt time, will not be disturbed on appeal unless the matter objected to is irrelevant or redundant and unless its retention in the pleading will cause harm or injustice to the moving party.

**4. Divorce and Alimony § 12—**

　　Where, in an action for alimony without divorce under G.S. 50-16, the complaint contains allegations of indignities, cruelty or abandonment sufficient to sustain an order for subsistence *pendente lite,* demurrer entered upon the hearing of plaintiff's application for reasonable subsistence and counsel fees pending the trial, is properly overruled.

**5. Divorce and Alimony § 5c—**

　　Where, in an action for alimony without divorce, there are allegations of indignities and cruel treatment in a chain of connected events for a period of some eleven years subsequent to the marriage and again from the period beginning some thirty-five years subsequent to the marriage and lasting for the three years prior to the institution of the action, motion to strike the allegations relating to the prior period should be allowed as being too remote in point of time to be material or relevant to the controversy, and further the cause is remanded with direction that plaintiff be granted reasonable time to redraft the complaint to state the cause of action in a plain and concise manner. G.S. 1-122.

APPEAL by defendant from *Burgwyn, Emergency J.,* at December 1957 Term, of NASH.

Civil action instituted 4 September, 1957, for alimony without divorce under G.S. 50-16, heard upon application of plaintiff before Judge holding a term of Superior Court, for allowance for reasonable subsistence and counsel fees pending the trial and final determination of the issues involved in the action.

Plaintiff, in her "petition and affidavit," containing forty-five paragraphs, and covering twenty mimeographed pages of typewriting, alleges acts of cruelty and indignities inflicted upon her by defendant, her husband, dating back as far as 1918, the year she and he were married. In addition she alleged coercion and fraud imposed upon her by defendant compelling her to transfer to him her interest in certain property owned jointly by them— all of which she alleges and contends rendered her condition intolerable and life burdensome. In her prayer for relief she prays only for subsistence *pendente lite* and counsel fees.

Defendant in apt time moved to strike every material allegation of the petition on the ground of irrelevancy, redundancy, and immateriality, in that they were either too remote in point of time, or they concerned alleged irrelevant property dispute between the parties.

Defendant, in addition, demurred to the petition on the ground that the allegations of it failed to state a cause of action, and on ground of misjoinder of causes of action.

Upon hearing, the court overruled the demurrer, sustained a portion of the matters sought to be stricken, and overruled other parts. And, the court, "finding for the purpose of this application, after hearing the proof offered by both sides, that the material facts alleged in the petition and affidavit are true, and being of opinion that in law plaintiff is entitled to such allotment," ordered "that pending the trial and final determination of the issues involved in this action, defendant shall pay into the office of the Clerk of Superior Court of Nash County for the use and subsistence of the plaintiff the sum of $300.00 per month, and the further sum of $400.00" attorney's fee, "which sums are found by the court to be a reasonable allotment for such subsistence and counsel fees."

Defendant excepted (1) to judgment overruling defendant's demurrer, (2) to ruling of the court to strike in each and every case in which the court overruled the motion to strike, and (3) to order allowing plaintiff alimony *pendente lite,* and attorney's fees.

Defendant also gave notice that he would apply to Supreme Court for *certiorari* within the time and in manner prescribed by the Rules of Court as to rulings on motions to strike.

And defendant also appeals to Supreme Court, and assigns error.

*Cooley & May, for plaintiff, appellee.*

*L. L. Davenport, John M. King, I. T. Valentine, Jr., for defendant, appellant.*

WINBORNE, C. J.:   The motion to strike for irrelevancy and redundancy is governed by G.S. 1-153. It provides, in pertinent part, that "if irrelevant or redundant matter is inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby" and "when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment * * *." Here the defendant, having made motion to strike in apt time, it is made as a matter of right. See *Lutz Industries, Inc., v. Dixie Home Stores,* 242 N.C. 332, 88 S.E. 2d 333, and cases cited.

"The test is, does the pleader have a right to introduce in evidence the facts to which the allegation relates? If so, the motion should be denied; if not, it should be allowed." *Lutz Industries v. Dixie Home Stores, supra,* citing *Daniel v. Gardner,* 240 N.C. 249, 81 S.E. 2d 660. However, "the denial of the motion to strike, made in apt time, 'is not ground for reversal unless the record affirmatively reveals these two things: (1) That the matter is irrelevant or redundant; and (2) that its retention in the pleading will cause harm, or injustice to the moving party.'" *Hinson v. Britt,* 232 N.C. 379, 61 S.E. 2d 185.

In the light of these principles, a perusal of the complaint in instant case discloses that acts complained of began shortly after the marriage of plaintiff and defendant in 1919, and culminated in this action in 1957. The first allegation of cruel treatment and rendering of indignities in point of time was in 1919; then in 1930s; then 1954; then 1955; and finally 1957. There is, thus, a connected chain of events from 1919 to 1957 with the exception of a period of years between the 1930s and 1954 when there are no allegations of specific acts. However there are allegations of general abuse with no dates specified scattered throughout the complaint.

So there seems to be sufficient allegation of indignities, cruelty, or abandonment from 1954 to 1957 upon which the judge could base his judgment of subsistence *pendente lite.* Hence the demurrer was properly overruled.

We are of opinion, however, that the allegations as to acts from 1919 to 1930s are too remote to be material and relevant to this controversy. And, hence, they should be stricken from the complaint. Indeed, this Court feels constrained to reverse the rulings of the judge by which such allegations are retained in the pleading for the final hearing, and "to remand the cause with direction that plaintiff be granted a reasonable time in which to reform and redraft her com-

plaint," so as to contain "a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition" as required by G.S. 1-122. See *Parker v. White,* 237 N.C. 607, 75 S.E. 2d 615. *Daniel v. Gardner, supra.*

Nevertheless, as the hearing was before the judge on application for allowance of subsistence and counsel fees pending final hearing, the pleading is sufficient to support the allowance of subsistence and counsel fees *pendente lite.* See *Cameron v. Cameron,* 232 N.C. 686, 61 S.E. 2d 913.

Modified and Affirmed.