MARY KATHERINE SCHLAGEL v. ARTHUR FORT SCHLAGEL, JR.

(Filed 20 January, 1961.)

**1. Divorce and Alimony § 1—**

Jurisdiction of actions for divorce, including actions for alimony without divorce, is purely statutory.

**2. Divorce and Alimony § 16—**

The effect of a decree for alimony without divorce is to authorize separation of the husband and wife and to suspend the effect of the marriage as to cohabitation, without dissolving the marriage bonds, G.S. 50-16, which is the identical effect of a decree of divorce from bed and board, G.S. 50-7, and therefore alimony without divorce comes within the purview of a divorce action and G.S. 50-10 applies to actions for alimony without divorce.

**3. Same: Judgments § 14—**

The clerk of the Superior Court is without jurisdiction to enter a judgment by default in an action for alimony without divorce, since G.S. 50-10 provides that in such action the allegations of the complaint are deemed denied whether actually denied by pleading or not, and requires that the material facts must be found by a jury.

APPEAL by plaintiff from *Bickett, J.,* at October 17, 1960 Civil Term, of DURHAM.

Civil action for alimony without divorce under G.S. 50-16.

Plaintiff instituted this action in the Durham County Superior Court on 5 February 1960, to secure alimony without divorce, custody of a minor child, and alimony and counsel fees *pendente lite* as provided for by G.S. 50-16 on the ground that " * * * the defendant willfully abandoned the plaintiff and their daughter without just provocation and has since * * * refused to support the plaintiff and their daughter according to his means and condition in life * * * ."

Defendant was personally served with summons on the same day the suit was commenced.

On 11 February 1960, upon plaintiff's motion, an order was issued by Judge of Superior Court awarding plaintiff designated sums each

month for the support of the plaintiff and their minor child and counsel fees *pendente lite*. On 27 August 1960, no answer having been made by the defendant, the plaintiff moved the Clerk of the Durham County Superior Court to enter a judgment by default and inquiry in her favor. The Clerk allowed the motion and calendared the judgment by default and inquiry on the issues docket for hearing at the following Civil Term of the Superior Court of that county.

When the cause came on for hearing in the Superior Court the presiding judge, *ex mero motu*, refused to submit issues to the jury and ruled that an action under G.S. 50-16 is not a proper action for judgment by default and inquiry and that the judgment by default and inquiry rendered is null and void.

To judgment in accordance therewith the plaintiff excepts and appeals to the Supreme Court and assigns error.

*J. W. Lasley for plaintiff, appellant.*
*No counsel contra.*

WINBORNE, C. J.:   The sole question presented on this appeal is whether or not a suit for alimony without divorce under G.S. 50-16 is one in which a clerk of the Superior Court can enter a judgment by default and inquiry as provided by G.S. 1-209, *et seq*. The answer is "No".

A brief history of the alimony without divorce law in this State shows that prior to 1872 there were no statutes allowing alimony without divorce, but in proper cases equity would allow alimony. Anonymous 2 N.C. 347; *Spiller v. Spiller*, 2 N.C. 482. In 1872 the first statute was passed authorizing alimony without divorce, but none was allowed *pendente lite* in such suits. Laws 1872, C. 193. In 1919 alimony *pendente lite* was authorized in suits for alimony without divorce. Laws 1919, C. 24. In 1953 the statute was amended to allow the custody of children to be determined in a proceeding instituted under G.S. 50-16. Sess. Laws 1953, C. 925. In 1955 the statute was again amended to require the complaint to set out the same information regarding minor children as is required in divorce actions, and to allow the court to enter orders respecting the support and maintenance of such children in the same manner as such orders are entered in divorce actions, and to allow actions for alimony without divorce to be brought as a counterclaim or cross-action in a suit for divorce, and to allow a suit for divorce to be brought as a counterclaim or cross-action to a suit for alimony without divorce. Sess. Laws 1955, CC 814, 1189.

G.S. 50-16 provides for alimony without divorce if the husband separates himself from the wife and fails to provide her and the children of the union with the necessary subsistence. *Brooks v. Brooks,* 226 N. C. 280, 37 S.E. 2d 909; *Caddell v. Caddell,* 236 N.C. 686, 73 S.E. 2d 923; *Ollis v. Ollis,* 241 N.C. 709, 86 S.E. 2d 420; *Batts v. Batts,* 248 N.C. 243, 102 S.E. 2d 862. And in this connection, the material facts at issue in this action for alimony without divorce are the questions of the existence of the marriage relationship and whether the husband abandoned the wife and failed to provide her with the necessary subsistence according to his means and condition in life. *Skittletharpe v. Skittletharpe,* 130 N.C. 72, 40 S.E. 851; *Hooper v. Hooper,* 164 N.C. 1, 80 S.E. 64; *Trull v. Trull,* 229 N.C. 196, 49 S.E. 2d 225.

In addition the plaintiff in a suit under G.S. 50-16 must meet the requirements of the statute for divorce from bed and board as provided by G.S. 50-7. *Pollard v. Pollard,* 221 N.C. 46, 19 S.E. 2d 1; *Brooks v. Brooks, supra; Best v. Best,* 228 N.C. 9, 44 S.E. 2d 214; *Ollis v. Ollis, supra.*

"Jurisdiction over the subject matter of divorce is given only by statute. *Ellis v. Ellis,* 190 N.C. 418, 130 S.E. 7. This applies to an action for alimony without divorce * * * ." *Hodges v. Hodges,* 226 N.C. 570, 39 S.E. 2d 596. G.S. 50-10 provides: "The material facts in every complaint asking for divorce shall be deemed to be denied by the defendant, whether the same shall be actually denied by pleading or not, and no judgment shall be given in favor of the plaintiff in any such complaint until such facts have been found by a jury * * * ." The legal effect of this statute is that the allegations required to be set forth in the plaintiff's complaint are indispensable elements of her cause of action and the facts so alleged must be established by the verdict of a jury. *Pruett v. Pruett,* 247 N.C. 13, 100 S.E. 2d 296. As is said in *Carpenter v. Carpenter,* 244 N.C. 286, 93 S.E. 2d 617, "The statute, G.S. 50-10, denies, and requires findings of fact by a jury * * * as 'to the material facts in every complaint.' " In this connection, this Court in *McQueen v. McQueen,* 82 N.C. 471, a suit for divorce *a mensa et thoro,* said: "The law will not sanction and authorize by its sentence the separation of husband and wife except for legal cause and on the special terms prescribed in the statute, and settled by the adjudication of this Court, as to the pleadings and procedure for that purpose. Hence it is that all the facts relied on as constituting the cause are required to be set forth in a petition and verified by the oath of the petitioner, and as to the manner of their allegation and the procedure thereon they are to be charged, as

far as possible, specifically and definitely, and be proved to the satisfaction of a jury and found by them to be true * * * ." See also *Saunderson v. Saunderson,* 195 N.C. 169, 141 S.E. 572.

As is shown in the cases cited above, G.S. 50-10 applies to a divorce from bed and board under G.S. 50-7. A divorce from bed and board is nothing more than a judicial separation; that is, an authorized separation of the husband and wife. Such divorce merely suspends the effect of the marriage as to cohabitation, but does not dissolve the marriage bond. See Nelson, Divorce and Annulment, Vol. 1, p. 17 (2nd Ed.). This is precisely the effect of an action under G.S. 50-16, except that it is only available to the wife.

Furthermore, Black's Law Dictionary (4th Ed.) defines "divorce" as "the legal separation of man and wife, effected, for cause, by the judgment of a court, and either totally dissolving the marriage relation, or suspending its effect so far as concerns the cohabitation of the parties."

Indeed, in *Rector v. Rector,* 186 N.C. 618, 120 S.E. 195, *Clark, C. J.,* said, "* * * Suits for alimony without divorce are within the analogy of divorce laws * * * ."

Therefore, the conclusion is that the judgment by default and inquiry was entered directly contrary to the statute, G.S. 50-10. The material facts have not been found by a jury in the instant case, and hence the Clerk was without power or authority to enter said judgment. To hold otherwise would be to sanction and authorize the separation of husband and wife not given by statute. Causes affecting the marital relation are statutory in North Carolina. *Ellis v. Ellis, supra; Hodges v. Hodges, supra.* Put another way, jurisdiction over the subject matter of divorce and actions affecting the marriage relationship is given only by statute, and in the grant, judgments in favor of the plaintiff affecting the marriage are prohibited, except upon a finding of the material facts by a jury.

"The legislation is based upon the gravest reasons of public policy, and, as stated in the authorities cited, is designed not only to prevent collusion where the same exists, but to remove the opportunity for it * * * ." *Hooper v. Hooper,* 165 N.C. 605, 81 S.E. 933.

For reasons stated the judgment from which appeal is taken is
Affirmed.