CAROLINE H. RIDDLE v. J. IVERSON RIDDLE AND MORGANTON SAVINGS AND LOAN ASSOCIATION

No. 7625SC588

(Filed 5 January 1977)

1. **Husband and Wife § 11; Injunctions § 2— support provided in separation agreement — failure of husband to comply — no injunctive relief for wife**

   Where the parties stipulated that no alimony or support provisions from the separation agreement previously entered into by them were incorporated into the judgment dissolving the bonds of matrimony between them, but that the divorce judgment merely recited that a separation agreement had been entered into, injunctive relief was not available to the former wife to compel her former husband to make payments necessary for her support as provided only in the separation agreement, since she had an adequate remedy at law.

2. **Husband and Wife § 12— separation agreement — failure of husband to honor support provision — wife's cohabitation with another no defense**

   In an action to enjoin defendant from terminating support payments provided for in a separation agreement executed by the parties where the agreement stated that such payments should continue until plaintiff died or remarried, the action of plaintiff in cohabiting with another man, even if substantiated, would not constitute a valid defense to defendant for his failure to comply with the agreement.

3. **Husband and Wife § 11— separation agreement — replacement vehicle to be provided by husband — failure of husband to comply — insufficiency of evidence**

   In an action by plaintiff to recover the purchase price of a replacement automobile which defendant allegedly had refused to provide pursuant to a separation agreement between the parties, the trial court erred in adjudging that plaintiff recover such sum, since an issue of material fact arose as to whether defendant refused to select a vehicle for plaintiff and whether defendant was given an opportunity to do the actual trading as provided by the separation agreement.

APPEAL by defendant Riddle (hereinafter referred to as defendant) from *Kirby, Judge.* Judgment entered 14 May 1976 in Superior Court, BURKE County. Heard in the Court of Appeals 8 December 1976.

Plaintiff filed complaint on 14 September 1974 alleging that she and defendant, husband and wife, had entered into a separation agreement; that defendant agreed to pay her $600

per month until she either remarries or dies; and that defendant had threatened to terminate the payments required by the agreement. The agreement was made a part of the complaint. Plaintiff asked that an injunction be granted enjoining defendant from breaching and violating his contractual commitment.

In his answer, defendant admitted the execution of the separation agreement but alleged that plaintiff was living with another male person as husband and wife and they were "enjoying all the benefits of the marital relationship."

A preliminary injunction restraining defendant from breaching the contract by termination of the support payments was entered by Judge Ervin on 5 August 1974.

Plaintiff then filed a "supplemental complaint" alleging numerous violations of the separation agreement by defendant including his failure to provide plaintiff a replacement automobile, in consequence of which plaintiff had to pay for the automobile at a cost of $4,500 with interest at 8%. Defendant, in answer to the supplemental complaint, alleged that plaintiff's relationship with the other person was a complete and full abrogation of the agreement and, therefore, the agreement was null and void.

Plaintiff's motion for a partial judgment on the pleadings was thereafter denied.

Both parties moved for partial summary judgment. From the pleadings and affidavits introduced, Judge Kirby found that the following facts, among others, existed "without substantial controversy and no issue arises therefrom":

(1) The parties entered into the agreement alleged in the complaint and under the agreement defendant is required to pay plaintiff $600 each month until she either remarries or dies, whichever occurs first.

(2) Defendant has threatened to terminate the required payments.

(3) These payments constitute the primary source of funds required by plaintiff for her subsistence and she would be irreparably harmed by any termination.

(4) Plaintff is still living and has not remarried and any termination of payments from defendant to plaintiff would constitute a breach of a lawful obligation.

(5) Defendant has failed and refused to provide a replacement automobile as provided by the agreement, rendering it necessary for plaintiff to personally trade and pay for said automobile at a cost of $4,500 plus interest at 8%.

Based thereon, Judge Kirby entered an order and partial summary judgment concluding and providing that:

1. Both parties are bound by the provisions of the agreement.

2. Defendant's defense based on plaintiff's relationship with another person is not a valid and lawful defense to his failure or refusal to comply with the agreement.

3. Defendant is permanently enjoined and restrained from breaching the provision of the agreement requiring that he pay plaintiff $600 per month until her death or remarriage.

4. Plaintiff recover certain specific sums of money from defendant, including $4,500 with 8% interest thereon, in satisfaction of plaintiff's payment for the replacement automobile.

From the entry of the judgment, defendant appealed.

*Patton, Starnes, Thompson & Daniel, P.A., by Thomas M. Starnes, for plaintiff appellee.*

*Simpson, Baker & Aycock, by Dan R. Simpson, for defendant appellant.*

BRITT, Judge.

[1]  Defendant assigns as error the entry of the permanent injunction restraining him from breaching the provision of the separation agreement requiring him to pay $600 to plaintiff until her death or remarriage. We think the contention has merit.

The parties stipulated that no alimony or support provisions from the separation agreement were incorporated into the judgment dissolving the bonds of matrimony between plaintiff and defendant; that the divorce judgment "merely recited that a separation agreement had been entered into by the parties." We think these stipulations are of primary importance in a determination of this appeal.

The question presented by this assignment is whether injunctive relief is available to a former wife to compel her

former husband to make payments necessary for her support as provided only in a separation agreement. While our research fails to disclose that either of the appellate courts of this State has addressed itself to this question, we think the position our courts have taken with respect to consent judgments based on support agreements is instructive.

This position is succinctly stated in *Bunn v. Bunn,* 262 N.C. 67, 69, 136 S.E. 2d 240, 242 (1964), in an opinion by Justice (now Chief Justice) Sharp as follows:

> " . . . Consent judgments for the payment of subsistence to the wife are of two kinds. In one, the court merely approves or sanctions the payments which the husband has agreed to make for the wife's support and sets them out in a judgment against him. Such a judgment constitutes nothing more than a contract between the parties made with the approval of the court. Since the court itself does not in such case order the payments, the amount specified therein is not technically alimony. In the other, the court adopts the agreement of the parties as its own determination of their respective rights and obligations and orders the husband to pay the specified amounts as alimony.
>
> "A contract-judgment of the first type is enforceable only as an ordinary contract. It may not be enforced by contempt proceedings . . . . "

The principle was restated by our Supreme Court in *Mitchell v. Mitchell,* 270 N.C. 253, 256, 154 S.E. 2d 71, 73 (1967), in an opinion by Justice (now Chief Justice) Sharp as follows: "A contract between husband and wife whereby he agrees to pay specified sums for her support may not be enforced by contempt proceedings even though the agreement has the sanction and approval of the court. . . . " *See also Holden v. Holden,* 245 N.C. 1, 95 S.E. 2d 118 (1956), and *Brown v. Brown,* 224 N.C. 556, 31 S.E. 2d 529 (1944).

We find further support for our determination in *Stanley v. Stanley,* 226 N.C. 129, 37 S.E. 2d 118 (1946), where the court held that a separation agreement similar to the one in this case " . . . was an extrajudicial transaction, and although between husband and wife, and relating to the support of the wife, had no more sanction for its enforcement than any other civil contract; certainly not that of imprisonment through civil

contempt for noncompliance." With respect to enforcement of the agreement, the court in *Stanley* said:

> "An action may be maintained for breach of the contract, of course, and judgment awarded for sums shown to be due. Such actions, however, sound in contract, and result in a money judgment without execution *in personam,* under any label known to the law, including imprisonment for contempt."

Obviously, plaintiff's reason for seeking injunctive relief in this case is to be able to enforce the support provisions of the separation agreement by contempt proceedings. In view of the principle established and restated in the cases cited above, particularly *Bunn, Mitchell* and *Stanley,* we hold that injunctive relief is not available to her.

Plaintiff bases her request for injunctive relief primarily on the contention that she has no adequate remedy at law; that receiving the monthly support payments is necessary for her maintenance and support and a failure to receive them would result in irreparable injury. If this contention justified injunctive relief, could not the same argument be made in many contract cases including those of numerous lessors who depend on rental payments for their support?

The general rule is that an injunction will not be granted where there is a full, adequate and complete remedy at law. *In Re Davis,* 248 N.C. 423, 103 S.E. 2d 503 (1958). It has been well stated in 2 Lee, North Carolina Family Law § 201 (3d ed. 1963) that:

> "The court will enforce the contract just as written. The remedies for the enforcement of a separation agreement are the same as those provided for the breach of any other contract. . . . [S]he may bring an action on a separation agreement against her husband in her own name. She may recover a judgment for such installments as have matured and become available, together with interest on each installment from the day it became due."

We conclude that plaintiff has "an adequate remedy at law."

[2]   Defendant next assigns as error the determination of the trial court that plaintiff's relationship with another person did

not constitute a defense to the enforcement of the separation agreement. This assignment lacks merit.

The applicable provision of the separation agreement provides that defendant is to pay plaintiff $600 per month until she "either remarries or dies, whichever occurs first." The agreement also states that it is the intention of the parties that each shall "go his or her way, and each live his or her personal life unmolested, unhampered, and unrestricted by the other . . . ." Nevertheless, defendant urges that his affidavits, although contradicted by plaintiff, establish that plaintiff has entered a relationship of cohabitation with another as though they were married thereby circumventing the intent of the agreement.

Under the agreement, plaintiff's relations with other people, short of marriage, do not offer defendant any defense to the enforcement of its provisions. The separation agreement must be enforced according to its own terms. Therefore, the trial court did not err in concluding that the actions of plaintiff, even if substantiated, would not constitute a valid defense to defendant for his failure to comply with the agreement.

[3] Defendant's final contention is that the trial court erred in adjudging that plaintiff recover the purchase price of a replacement automobile. This contention has merit.

The separation agreement provides that defendant is to furnish plaintiff with a replacement automobile every five years. Plaintiff has "the right to select the particular vehicle and the duty of making available the automobile she owns at the time of the replacement . . . . " Defendant is to "do the actual trading" for the automobile. Plaintiff, by affidavit, alleged that defendant "failed and refused, after demand" to do the actual trading, therefore, she was forced to borrow $4,500 for the purchase of an automobile. Defendant responded by affidavit that he had not the opportunity to trade the automobile so as to obtain the best price and that the first knowledge he had of plaintiff's actions was a telephone call from an automobile dealer advising him that he was to pay for the vehicle that plaintiff ordered. The trial judge granted summary judgment for plaintiff and awarded her $4,500 with interest.

Based on the affidavits, we think an issue of material fact arose as to whether defendant refused to select a vehicle for plaintiff and whether defendant was given an opportunity to

do the actual trading as provided by the separation agreement. This issue of fact would necessarily affect the amount of recovery for the purchase price of a replacement automobile. Therefore, as to this issue, we hold that the trial court erred in granting summary judgment.

The judgment from which defendant appeals granted plaintiff certain relief that defendant does not challenge; those portions of the judgment are affirmed. Therefore, our decision is: (1) that the part of the judgment granting plaintiff injunctive relief be vacated; (2) that the part of the judgment granting plaintiff a recovery of $4,500 plus interest to be vacated, this question to be determined by a trial on the merits; (3) that the remainder of the judgment be affirmed.

Vacated in part; affirmed in part; cause remanded.

Chief Judge BROCK and Judge MORRIS concur.