CHARLES OLIN SETHNESS III v. ANN WORCESTER SETHNESS

No. 8215DC813

(Filed 21 June 1983)

**Husband and Wife § 10.1— separation agreement—cohabitation with another man—no breach of agreement**

　　The trial court properly dismissed plaintiff's cause of action to have certain provisions of a separation agreement between plaintiff and defendant declared void on the ground that defendant had cohabited with a man which was contrary to the public policy of North Carolina therefore making the agreement illegal, void, and unenforceable. Under the agreement, cohabitation by defendant with another man did not constitute a breach of the agreement or grounds for termination of plaintiff's support obligation. Nor can the Court say that such acts, even if substantiated, would be cause for voiding the agreement with respect to the executory provisions regarding alimony.

APPEAL by plaintiff from *Hunt, Judge.* Judgment entered 20 May 1982 in District Court, ORANGE County. Heard in the Court of Appeals 8 June 1983.

This is a civil action wherein plaintiff seeks to have certain provisions of a separation agreement between plaintiff and defendant declared void. Plaintiff also seeks custody of the minor child of the marriage between plaintiff and defendant.

On 1 August 1976, plaintiff and defendant, husband and wife, entered into a separation agreement in the State of New York. The portions of that agreement pertinent here are set forth below:

ARTICLE 6. SUPPORT OF WIFE

. . . .

6.2 In addition to the promissory note set forth in paragraph 6.1 above, the Husband shall pay to the Wife for her support and maintenance the sum of $41,004. per annum, in equal monthly installments of $3,417. each in advance, beginning on the effective date of this agreement inclusively to and through the installment payable on December 1, 1980, for the year ending December 31, 1980. Thereafter, for the calendar year, 1981, the payments which the Husband shall make to the Wife pursuant to this paragraph shall be $42,000. per annum, in equal monthly installments of $3,500. each in ad-

vance, beginning on January 1, 1981, to and through the installment payable for the year ending December 31, 1981. Thereafter, for the calendar year, 1982, the payments which the Husband shall make to the Wife pursuant to this paragraph shall be $42,996. per annum, in equal monthly installments of $3,583. each in advance, beginning on January 1, 1982, to and through the installments payable for the year ending December 31, 1982. Thereafter, beginning with the calendar year, 1982, the payments which the Husband shall make to the Wife pursuant to this paragraph shall be $44,000. per annum, in equal monthly installments of $3,650. each in advance, beginning January 1, 1983, and thereafter.

. . . .

### ARTICLE 13. ARBITRATION

13.1 Any claim, dispute or misunderstanding arising out of or in connection with this agreement or the interpretation or meaning of any part thereof shall be arbitrated by the parties in the City of New York and under the auspices and pursuant to the then existing rules of the American Arbitration Association. The award of the arbitrators shall be final and binding upon both parties, and judgment may be entered thereon in any court having jurisdiction. The cost of the arbitration including the reasonable legal fees incurred by the Wife therein, shall be paid by the Husband as the same shall be fixed and determined by the arbitrator. It is the intention of the parties, if occasion arises for an arbitration, that the arbitration proceed with reasonable promptness and that a determination be made without undue delay.

The separation agreement also provided that custody of the minor child would be with defendant. In addition to the above provisions, plaintiff was required by the separation agreement to make certain other financial arrangements that inured to the benefit of defendant and the minor child. These other arrangements included such things as maintaining a life insurance policy and providing for the medical expenses and support of the minor child.

Subsequent to entering into the separation agreement, defendant relocated to North Carolina and plaintiff to Massachusetts.

On 18 April 1982, plaintiff filed a complaint in Orange County, North Carolina. The "First Cause of Action" of the Complaint alleged, *inter alia,* that defendant had "lewdly and lasciviously associated, bedded and cohabited with a man." Plaintiff further alleged that such conduct was contrary to the public policy of North Carolina and that the agreement to pay alimony was therefore illegal, void, and unenforceable. On the basis of defendant's alleged cohabitation, plaintiff's "Second Cause of Action" alleged that defendant was not a fit and proper person to have custody of the minor child. In his prayer for relief, plaintiff sought to have the 1 August 1976 separation agreement declared illegal and void as against public policy and therefore unenforceable with regard to the executory provisions concerning alimony. Plaintiff also sought custody of the minor child.

In April of 1982, prior to the filing of the Complaint by plaintiff, defendant filed a demand for arbitration under the separation agreement in New York. This demand was filed in response to plaintiff's alleged breach of the terms of the agreement concerning increases in the amount of yearly support payments. On 21 April 1982, plaintiff filed a Motion to Stay Arbitration alleging as grounds therefore his pending challenge to the legality and enforceability of the agreement.

On 3 May 1983, defendant filed an Application to Compel Arbitration alleging that the issues raised by plaintiff's Complaint were, by the terms of the separation agreement, properly subjects of arbitration. Defendant also alleged that plaintiff had refused to submit the issues to arbitration. Defendant moved to dismiss plaintiff's Complaint under Rule 12(b)(1), N.C. Rules Civ. Pro., for lack of jurisdiction and, in the alternative, to dismiss plaintiff's First Cause of Action under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. Defendant also moved the court to stay its proceedings on those issues subject to arbitration. On 20 May 1983, after a hearing on plaintiff's and defendant's several motions, the trial court entered an order which:

(1) Denied plaintiff's motion to stay arbitration as to the First Cause of Action.

(2) Allowed plaintiff's motion to stay arbitration as to the Second Cause of Action.

(3) Denied defendant's motion to dismiss the Complaint for lack of jurisdiction.

(4) Granted defendant's motion to dismiss plaintiff's First Cause of Action for failure to state a claim upon which relief could be granted.

(5) Compelled the parties to proceed with the arbitration commenced in New York as to plaintiff's First Cause of Action.

From that portion of the Order granting defendant's Motion to Dismiss plaintiff's First Cause of Action and compelling arbitration with respect thereto, plaintiff appealed.

*Douglas, Ravenel, Hardy, Crihfield and Bullock, by G. S. Crihfield and James W. Lung for plaintiff-appellant.*

*Coleman, Bernholz, Dickerson, Bernholz, Gledhill, and Hargrave, by Roger B. Bernholz for defendant-appellee.*

HILL, Judge.

Plaintiff's first contention on appeal is that the trial court erred in dismissing plaintiff's Complaint for failure to state a claim upon which relief could be granted.

Plaintiff argues that the allegations in his Complaint establish his right to the relief prayed for: that the separation agreement be declared void.

In ruling on a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, the test to be applied by the court is whether the complaint alleges a set of facts which would entitle the plaintiff to some relief. *Carolina Builders Corp. v. AAA Drywall, Inc.,* 43 N.C. App. 444, 259 S.E. 2d 364 (1979); *Yates v. City of Raleigh,* 46 N.C. App. 221, 264 S.E. 2d 798 (1980). For purposes of testing the sufficiency of a complaint to withstand a motion to dismiss under 12(b)(6), the allegations contained therein are liberally construed and treated as true. *Shoffner Industries, Inc. v. W. B. Lloyd Construction Co.,* 42 N.C. App. 259, 257 S.E. 2d 50, *disc. rev. denied,* 298 N.C. 296, 259 S.E. 2d 301 (1979). However, " 'conclusions of law or unwarranted deductions of fact are not admitted.' " *Sutton v. Duke,* 277 N.C. 94 at 98, 176 S.E. 2d 161 at 165 (1970), *quoting* 2A Moore's Federal Practice

§ 12.08 (2d ed. 1968). A complaint is sufficient to withstand a motion to dismiss when no insurmountable bar to plaintiff's claim appears on the face of the complaint. *Shoffner Industries, Inc. v. W. B. Lloyd Construction Co., supra; United Leasing Corp. v. Miller,* 45 N.C. App. 400, 263 S.E. 2d 313, *disc. rev. denied,* 300 N.C. 374, 267 S.E. 2d 685 (1980). A complaint should not be dismissed unless it appears to a certainty that no state of facts that could be proved in support of plaintiff's claim would entitle him to relief. *Yates v. City of Raleigh, supra* at 225, 264 S.E. 2d at 800. *See generally Sutton v. Duke, supra,* 2A Moore's Federal Practice § 12.08 (1983).

In support of his contention, plaintiff cites us to G.S. § 52-10.1 for the proposition that separation agreements are "valid only so long as 'not inconsistent with public policy.' " Plaintiff also cites several cases where separation agreements were found to be void as against public policy and thus unenforceable. *Pierce v. Cobb,* 161 N.C. 300, 77 S.E. 350 (1913); *Howland v. Stitzer,* 236 N.C. 230, 72 S.E. 2d 583 (1952); *Foy v. Foy,* 57 N.C. App. 128, 290 S.E. 2d 748 (1982). Our reading of these cases shows the agreements involved to be void by their own terms at the time of their execution. The clear implication of these cases and the statute cited, as defendant points out, is that such agreements may not by their own terms promote objectives (i.e.: divorce, termination of parental rights) which are offensive to public policy. While these authorities are pertinent here, they are not controlling.

*Murphy v. Murphy,* 295 N.C. 390, 245 S.E. 2d 693 (1978), is cited by plaintiff in support of his contention that "illicit intercourse" is grounds for invalidating a separation agreement. *Murphy,* however, involved the resumption or continuation of sexual relations between a husband and wife after they had executed a separation agreement. The court in *Murphy* found that sexual relations between the parties to a separation agreement, even if infrequent, were irreconcilably inconsistent with the intent of the agreement and the policy of the law sanctioning such agreements. *Id.* The fact that the individuals involved in the sexual relations were both parties to the separation agreement is essential to the holding in *Murphy.* Here, the sexual relations which plaintiff contends invalidate the separation agreement involve defendant-wife and another man who has never been defendant's husband and is

not a party to the separation agreement. The rationale of *Murphy* does not apply and that case does not control the result here.

More on point is the case of *Riddle v. Riddle,* 32 N.C. App. 83, 230 S.E. 2d 809 (1977), where this Court found that cohabitation by one party to a separation agreement does not necessarily invalidate the agreement or relieve a party of his support obligations thereunder. *Riddle* holds, in accordance with general principles of contract law, that a separation agreement must be enforced according to its own terms. The applicable provision of this separation agreement, quoted at the outset, provides that plaintiff is to pay defendant certain sums of money. This obligation is to continue until the happening of certain events stated in the agreement (*i.e.:* emancipation of the child, remarriage of defendant). The agreement also confirms the right of the parties to "live separate and apart" and provides that "neither party shall interfere with the rights, privileges, doings or actions of the other." Under the agreement, cohabitation by defendant with another man does not constitute a breach of the agreement or grounds for termination of plaintiff's support obligation.

We do not condone illicit cohabitation or illicit intercourse and we note that such acts violate the laws of this state. We cannot say, however, that such acts, even if substantiated, would be cause for voiding the agreement with respect to the executory provisions regarding alimony. Therefore, plaintiff has pleaded an insurmountable bar to his claim and the trial court correctly dismissed the Complaint. Because a separation agreement does not specifically prohibit "illicit intercourse" and cohabitation and may, by implication, even condone such acts, it does not therefore follow that the agreement promotes them. Whether the silence of a separation agreement on such issues renders it void as against public policy is a matter for legislative, not judicial, determination. *See Stallings v. Stallings,* 36 N.C. App. 643, 244 S.E. 2d 494, *disc. rev. denied,* 295 N.C. 648, 248 S.E. 2d 249 (1978).

Plaintiff next excepts to and assigns as error the trial court's granting of defendant's Motion to Compel Arbitration. Plaintiff contends that there is a material issue of fact as to whether there exists an agreement to be the subject to arbitration. In his brief, plaintiff argues that the agreement, even if valid under New York law, cannot be given effect in North Carolina if contrary to the

public policy of this state. Plaintiff also argues that the law of the state where the agreement was executed controls its construction and validity. Where the agreement is attacked as being contrary to public policy, the law of the forum controls. Plaintiff has attacked the separation agreement here as being contrary to public policy. We have relied on the laws of North Carolina in reaching our determination that the agreement is not invalid for that reason. Plaintiff's contention in this regard is without merit.

Those portions of the trial court's 20 May 1982 Order granting defendant's Motions to Dismiss plaintiff's First Cause of Action and to Compel Arbitration as to plaintiff's First Cause of Action are affirmed.

Affirmed.

Chief Judge VAUGHN and Judge BECTON concur.