MARY LEE COOMBS, Plaintiff v. LEE ROY COOMBS, Defendant

No. 945DC628

(Filed 5 March 1996)

**Divorce and Separation § 203 (NCI4th)— sex after divorce from bed and board—bar to permanent alimony**

Sexual intercourse by plaintiff with a third party subsequent to a decree granting her a divorce from bed and board operated to bar plaintiff's claim for permanent alimony.

**Am Jur 2d, Divorce and Separation §§ 567, 568, 641, 643-647.**

**Misconduct of wife to whom divorce is decreed as affecting allowance of alimony, or amount allowed. 9 ALR2d 1026.**

**Defenses available to husband in civil suit by wife for support. 10 ALR2d 466.**

COOMBS v. COOMBS

[121 N.C. App. 746 (1996)]

Appeal by plaintiff from order entered 31 March 1994 by Judge J. H. Corpening, II, in New Hanover County District Court. Heard in the Court of Appeals 1 March 1995.

*Shipman & Lea, by James W. Lea, III, and J. Albert Clyburn, for plaintiff-appellant.*

*Mason & Boney, by William Norton Mason, for defendant-appellee.*

JOHN, Judge.

Plaintiff appeals the trial court's entry of summary judgment in favor of defendant. She contends the court erred by denying her claim for permanent alimony in consequence of her admitted sexual intercourse with a third party subsequent to an order of divorce from bed and board. We affirm the trial court.

Relevant background information is as follows: Mary Lee Coombs and Lee Roy Coombs were married 7 April 1964. On 12 January 1993, plaintiff filed the instant action, seeking divorce from bed and board as well as temporary and permanent alimony. She alleged defendant "offered such indignities so as to make [her] condition intolerable and life burdensome," and specifically claimed he had committed mental and physical abuse and had engaged in numerous adulterous affairs. Defendant answered 10 February 1993, denying the allegations essential to plaintiff's claim for alimony, and affirmatively defending on grounds of plaintiff's adultery.

Following a hearing, the trial court entered an order 14 April 1993. The court found defendant had committed acts of adultery and physical abuse against plaintiff and their minor children, granted plaintiff divorce from bed and board, and directed that defendant pay $1,400.00 per month in alimony *pendente lite*.

On 22 March 1994, defendant moved for summary judgment on the issue of permanent alimony, stating:

at no time have the plaintiff and defendant entered into a Separation Agreement or Consent Judgment in which they released each other from their respective rights, duties and responsibilities arising out of their marital relationship.

In a supporting affidavit, defendant stated he had witnessed plaintiff's vehicle at a third party's home late at night on a number of occasions during February and March 1993, and that plaintiff had not spent the

night in the marital home on these evenings. Defendant also indicated a private detective agency had confirmed his observations. Thus, defendant asserted, plaintiff was barred from receiving permanent alimony on the basis of her own adulterous activity.

Plaintiff's response admitted she had engaged in sexual relations with a third party subsequent to entry of the divorce from bed and board, but denied any adulterous conduct prior to that date.

On 31 March 1994, the trial court entered an order granting defendant's motion for summary judgment stating:

> [P]laintiff's admitted adultery after she was granted a divorce from bed and board on 14 April 1993, and in the absence of an absolute divorce and in the absence of a Separation Agreement or Consent Judgment, constitutes a bar to the plaintiff's alimony claim as a matter of law . . . .

Plaintiff gave notice of appeal to this Court 13 April 1994.

---

The sole issue presented on appeal is whether sexual intercourse by plaintiff with a third party subsequent to a decree granting her divorce from bed and board operated to bar plaintiff's claim for permanent alimony.

We note initially that the General Assembly has recently enacted substantial modifications of our statutes affecting alimony litigation, and that the focus currently is placed upon "marital misconduct" occurring "during the marriage and *prior to or on* the date of separation." N.C.G.S. § 50-16.1A(3) (1995) (emphasis added). However, these amendments became effective 1 October 1995, are applicable only "to civil actions filed on or after that date," 1995 N.C. Sess. Laws ch. 319, § 12, and thus have no bearing upon the case *sub judice*.

A divorce *mensa et thoro* ("from bed and board") is a limited divorce and consists of "nothing more than a judicial separation" which "suspends the effect of the marriage as to cohabitation, but does not dissolve the marriage bond." *Schlagel v. Schlagel*, 253 N.C. 787, 790, 117 S.E.2d 790, 793 (1961). Thus, sexual intercourse with a third party by either partner constitutes adultery even after a decree of divorce from bed and board has been entered. 1 Suzanne Reynolds, *Lee's North Carolina Family Law*, §6.21(F)(3), at 611 (5th ed. 1993).

A party may seek permanent alimony upon filing for a divorce from bed and board. N.C.G.S. § 50-16.8(b)(1) (1987) (*amended by* 1995 N.C. Sess. Laws ch. 319). However,

alimony . . . shall not be payable when adultery is pleaded in bar of demand for alimony . . . , made in an action or cross action, and the issue of adultery is found against the spouse seeking alimony . . . .

N.C.G.S. § 50-16.6(a) (1987) (*repealed by* 1995 N.C. Sess. Laws ch. 319, § 4).

While plaintiff concedes "conduct after the decree of divorce from bed and board can continue to amount to marital misconduct," Reynolds, *supra*, § 6.21(F)(3), at 611, she nonetheless urges that we

reconsider this common-law principle on the grounds that the post-separation conduct of one who has received a divorce from bed and board should receive no different treatment than one who is a party to a valid separation agreement under which the parties have agreed to live separate and apart and without interference from the other party.

However, our decision in *Adams v. Adams*, 92 N.C. App. 274, 374 S.E.2d 450 (1988), negates plaintiff's position. In *Adams*, defendant husband who had committed adultery following the parties' separation insisted such conduct " 'neither caused the marital break-up nor tended to diminish any remote possibility of reconciliation.' " *Id.* at 277, 374 S.E.2d at 452. He argued on appeal that the trial court had consequently erred in awarding alimony to plaintiff.

In sustaining the trial court, we observed that

[u]ntil the State grants [the parties] an absolute divorce, a couple, though separated from each other, continues to be wife and husband. It is for this reason that N.C. Gen. Stat. Sec. 50-16.2 (1987), which sets down the fault grounds for alimony, does not distinguish between pre-separation and post-separation adultery. We do not view the failure of the General Assembly to differentiate between these time periods to be an oversight. Rather, defining adultery so as to include any act of voluntary sexual intercourse between a spouse and a third party —the former's separation from the other spouse notwithstanding—is consistent with [this State's] policy favoring reconciliation.

*Id.* at 278, 374 S.E.2d at 452-453. Accordingly, we held that voluntary sexual intercourse by a spouse with a third party during the parties' period of separation constitutes adultery as contemplated by N.C.G.S.

§ 50-16.2(1) (1987) (*repealed by* 1995 N.C. Sess. Laws ch. 319, § 1) and is thus grounds for alimony. *Id.* at 279, 376 S.E.2d at 453.

In the foregoing context, we note that our General Assembly in enacting Chapter 31A of the General Statutes engendered certain changes of the common law regarding the effect of divorce from bed and board on estate rights of the spouse against whom the decree was entered. *See* Reynolds, *supra,* § 6.21(C), at 603-604; N.C.G.S. § 31A-1 (1984). Notwithstanding the decision in *Adams,* however, no legislation until recently touched upon the common law rule regarding postdecree marital misconduct. *See* N.C.G.S. § 50-16.1A(3) (1995). By its failure to negate *Adams* and extend modification of the common law rule beyond certain estate rights, the General Assembly has spoken. *See Blackmon v. N.C. Dept. of Corrections,* 118 N.C. App. 666, 673, 457 S.E.2d 306, 310 (1995) (General Assembly presumed to know content of courts' decisions). *See also In re Taxi Co.,* 237 N.C. 373, 376, 75 S.E.2d 156, 159 (1953) (where statute sets forth the instances of its coverage, other coverage necessarily excluded).

*Adams* therefore controls our decision herein. There exists no practical distinction between the circumstance of the separated parties in *Adams* and that of plaintiff and defendant who obtained "nothing more than a judicial separation," *Schlagel,* 253 N.C. at 790, 117 S.E.2d at 793, which affected "little change on the incidents of marriage other than rights of conjugal cohabitation," Reynolds, *supra,* § 6.21(D), at 604, and the estate rights noted above. In either instance, moreover, the parties must live separate and apart for one year before a court will grant an absolute divorce. *See* N.C.G.S. § 50-6 (1995). Voluntary sexual relations with a person not one's spouse during separation pursuant to a decree of divorce from bed and board thus constitute adultery and a defense to the payment of permanent alimony under N.C.G.S. § 50-16.6(a) (1987) (*repealed by* 1995 N.C. Sess. Laws ch. 319, § 4).

Plaintiff's reliance on *Riddle v. Riddle,* 32 N.C. App. 83, 230 S.E.2d 809 (1977) and *Sethness v. Sethness,* 62 N.C. App. 676, 303 S.E.2d 424 (1983) is unfounded. In *Riddle,* the parties entered into a formal separation agreement whereby husband agreed, *inter alia,* to pay wife $600.00 per month until she " 'either remarries or dies, whichever occurs first,' " and that each might " 'go his or her way, and each live his or her personal life unmolested, unhampered, and unrestricted by the other . . . .' " *Riddle,* 32 N.C. App. at 88, 230 S.E.2d at 812. Wife thereafter entered into a relationship with another man, and

COOMBS v. COOMBS

[121 N.C. App. 746 (1996)]

husband asserted her post-separation conduct as a defense to enforcement of the alimony provisions.

Using basic contract principles, this Court held the agreement "must be enforced according to its own terms." *Id.* As neither of the contingencies which relieved husband of his obligations had occurred, he remained obligated under the agreement to pay alimony.

In *Sethness*, the parties entered into a written agreement which specified varying amounts of alimony over a number of years to be paid by husband to wife. *Sethness*, 62 N.C. App. at 676-77, 303 S.E.2d at 425. Husband later filed an action alleging wife had " 'lewdly and lasciviously associated, bedded and cohabited with a man,' " and seeking to have the agreement declared null and void as against public policy with regard to the alimony provisions. *Id.* at 678, 303 S.E.2d at 426.

On appeal to this Court, we upheld the agreement, noting that while "[w]e do not condone illicit cohabitation or illicit intercourse," which conduct "violate[s] the laws of this state," such acts do not necessarily void the agreement entered into between the parties. *Id.* at 681, 303 S.E.2d at 428.

> Because a separation agreement does not specifically prohibit "illicit intercourse" and cohabitation and may, by implication, even condone such acts, it does not therefore follow that the agreement promotes them. Whether the silence of a separation agreement on such issues renders it void as against public policy is a matter for legislative, not judicial, determination.

*Id.*

In contrast to *Riddle* and *Sethness*, the case *sub judice* does not involve a formal separation agreement wherein the parties have entered into a contract touching upon nearly all the rights and incidents of marriage as well as providing for the payment of alimony. As such, the contract principles relied upon by this Court in those cases are inapplicable to the instant circumstance in which the parties separated pursuant to a decree which constitutes "nothing more than a judicial separation," *Schlagel*, 253 N.C. at 790, 117 S.E.2d at 793, and which "works little change on the incidents of marriage," Reynolds, *supra*, § 6.21(D), at 604.

Affirmed.

Judges JOHNSON and MARTIN, Mark D. concur.