CHARLES M. WYATT v. JUDY P. WYATT

No. 7525DC369

(Filed 1 October 1975)

1. **Divorce and Alimony § 23— child support — separation agreement — modification by court**

    Where parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable; however, no agreement between husband and wife will serve to deprive the courts of their authority to protect the interests and provide for the welfare of infants.

2. **Divorce and Alimony § 23— child support — separation agreement — modification by court**

    The trial court erred in holding that the parties to a separation agreement were bound by the amount of child support provided for in the agreement where the court found as a fact that the child is substantially in need of maintenance and support from her father and that the father has the present ability to support the child.

APPEAL by defendant from *Tate, Judge.* Judgment entered 14 February 1975 in District Court, BURKE County. Heard in the Court of Appeals 28 August 1975.

Plaintiff and defendant entered into a separation agreement on 18 May 1973. According to this agreement the plaintiff would pay $65.00 each month for the support of his daughter, Judith Mellissa Wyatt, and her medical expenses. The defendant agreed to pay the dental expenses of her child.

On 24 September 1973 plaintiff obtained an absolute divorce from his wife Judy P. Wyatt. The judgment entered in that action did not refer to the separation agreement nor did it provide for the support of the minor child. It did, however, place

Wyatt v. Wyatt

the custody of the child with the defendant Judy P. Wyatt, with visitation privileges to plaintiff.

On 17 January 1975 defendant filed a motion in the divorce action asking the court to amend its order of 24 September 1973 by entering an order of support of the child in the amount of $100.00 per month and in addition thereto all medical and dental expenses incurred by the minor child.

At the hearing upon defendant's motion, both parties presented evidence. In summary, the court made findings of fact and drew therefrom conclusions of law as follows: Plaintiff has a gross income of $538.00 per month and a net take home pay of $340.00. As a part-time student he is receiving V.A. educational benefits of $180.00 per month. He has received pay raises of ten to twelve percent since the separation agreement was executed.

Plaintiff has remarried and his wife is employed and contributes to the family household expenses. The monthly expenses of plaintiff's present family amount to $382.55 together with educational expenses of $35.00 per semester.

Defendant has a gross income of $590.00 and a net take home pay of $316.00 after certain deductions including a car payment of $70.00. Defendant's monthly needs amount to between $175.25 and $185.25.

The monthly needs of Judith Mellissa Wyatt amount to between $190.25 and $200.25 excluding medical and dental expenses.

Judith Mellissa Wyatt is a dependent child of plaintiff, is substantially in need of maintenance and support from her father, and the plaintiff-father has the present ability to support his daughter. The mother is supplying the needs of the child over and above the monthly payment of $65.00 contributed by the father.

At the time of the execution of the separation agreement the defendant and the child were residing with defendant's mother. The defendant was incurring no expense for rent, electricity and water, heat and telephone, since all of these were being provided free of charge by defendant's mother. The child was not then enrolled in public schools and therefore required no transportation expense to and from school and did not require expenditures for school lunches. These expenses totaling approxi-

---

---

mately $120.00 per month were not in existence when the separation agreement was executed and these items constitute change of circumstances relating to the needs of the child. The court further found and concluded the following:

> The Deed of Separation does not state the specific basis for arriving at the $65.00 per month, and therefore this Court cannot make findings as to the specific items contemplated by the parties in executing the agreement, but nevertheless concludes that the six change of circumstances items of rent, electricity and water, heat, telephone, public school lunches, and transportation to and from school, nevertheless are of a nature which reasonably should have been contemplated by the parties at the time of the agreement, and that as a matter of law they do not constitute 'material change of circumstances' as the Court understands that phrase.

> Based upon the foregoing the Court concludes as a matter of law where parties to a separation agreement agree upon the amount for the support and maintenance of their minor child there is presumption in the absence of evidence to the contrary that the amount mutually agreed upon is just and reasonable, and that the parties have voluntarily bound themselves by a separation agreement and the Court is not warranted in ordering an increase in the absence of a finding of a material change in conditions or of the need for such increase.

From an order finding that there had been no material change in conditions or of the need for such increase and a refusal to grant the requested increase, defendant appeals.

*John H. McMurray, for plaintiff appellee.*

*Byrd, Byrd, Ervin and Blanton, P.A., by Joe K. Byrd, for defendant appellant.*

MARTIN, Judge.

[1] Where parties to a separation agreement agree upon the amount for the support and maintenance of their minor children, there is a presumption, in the absence of evidence to the contrary, that the amount mutually agreed upon is just and reasonable. *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963). However, no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as

statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court. The ultimate object is to secure support commensurate with the needs of the child and the ability of the father to meet the needs. *Crosby v. Crosby,* 272 N.C. 235, 158 S.E. 2d 77 (1967). The welfare of the child is the "polar star" in the matters of custody and maintenance.

[2] The trial court erred in holding that the parties were bound by the separation agreement since it had found as a fact that the child is substantially in need of maintenance and support from her father and that her father has the present ability to support his daughter.

The case is remanded for further proceedings in accordance with this decision.

Remanded.

Judges BRITT and HEDRICK concur.