BARBARA FOY v. JACK FOY

No. 8126DC804

(Filed 4 May 1982)

**1. Parent and Child § 1— agreement to relinquish parental rights—voidness as against public policy**

Defendant's agreement to relinquish his parental rights in a child which he adopted after he married the child's mother was void as being against

public policy since it removed from the court its power to assert objectives set forth in G.S. 7A-289.22.

**2. Rules of Civil Procedure § 15.1— denial of motion to file supplemental pleading—abuse of discretion**

In an action to recover sums allegedly due under a separation agreement, the trial court abused its discretion in the denial of plaintiff's motion to supplement her pleadings to ask for payments under the separation agreement which have accrued since the filing of this action where the granting of the motion would result in no unfairness to defendant and would facilitate the litigation of related issues in a single action. G.S. 1A-1, Rule 15(b).

APPEAL by plaintiff and defendant from *Brown, Judge.* Judgment entered 28 May 1981 in District Court, MECKLENBURG County. Heard in the Court of Appeals 31 March 1982.

Plaintiff brought suit against defendant alleging his default under their 5 December 1977 separation agreement. She alleged that defendant agreed to pay to her $10,000 in one $500 installment and in subsequent $200 per month installments, and that defendant paid the $500 installment, but no more. Defendant answered, admitting the agreement, but stating that the parties "agreed, for valuable consideration, to rescind said agreement and that the same was rescinded by these parties."

Plaintiff moved for summary judgment and asked to amend her complaint to seek recovery for the monthly payments which have accrued, but were not paid, since the filing of this action, in addition to the payments which had accrued up to the filing of this action. The court denied plaintiff's motion to amend her complaint and allowed her motion for summary judgment, ordering defendant to pay "$2,570.92 plus costs due through the date the action was instituted without prejudice to claims for amount due thereafter." Plaintiff and defendant gave notice of appeal.

*Ronald Williams for plaintiff-appellee-appellant.*

*Thomas D. Windsor for defendant-appellant-appellee.*

HILL, Judge.

Plaintiff and defendant were married on 15 September 1976. Plaintiff had a son, Blaine Ashton Foy, by her first husband, who was adopted by defendant following the marriage. Upon their separation, the parties executed the 5 December 1977 separation

agreement which in addition to the provisions stated above, provided as follows:

> 9. WIFE agrees to and does hereby release husband from any claim for child support for Blaine Foy and as between themselves wire [sic] agrees to indemnify Husband for any liability for child support which the HUSBAND may incur as a result of his obligation to support the above name child under the laws of the State of North Carolina.

On 2 January 1980, plaintiff filed a petition praying the court to terminate defendant's parental rights in Blaine. On 1 May 1981, petitioner filed an amendment to her 2 January 1980 petition, dated 6 February 1980, in which she asked the court to grant custody of Blaine to her in the event that defendant's parental rights are not terminated. On 8 February 1980, plaintiff signed a statement on the 1 May amendment saying, "Separation agreement is null & void and as of Feb. 8th, 1980 no money is owed by Jack Foy to Barbara Foy." Defendant also signed a statement on 8 February saying, "I give up all legal and parental rights of Bland [sic] Foy from this day forth."

By deposition, defendant testified that "[t]he separation agreement provides in it for me to pay Barbara Foy $10,000.00; that took care of Blaine. I am saying that our agreement in the contract was for child support."

[1] We first address defendant's assignment of error by which he contends that the trial judge erred in granting plaintiff's motion for summary judgment against him. Of course, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c).

In the present case, defendant contends that the 5 December 1977 separation agreement is null and void by virtue of plaintiff's 8 February 1980 statement. However, the only apparent consideration for that agreement is defendant's statement of the same date that he will thenceforth give up his parental rights in Blaine.

We are advertent to the fact that no agreement or contract between husband and wife will serve to deprive the courts of their inherent as well as their statutory authority to protect the interests and provide for the welfare of infants. They may bind themselves by a separation agreement or by a consent judgment, but they cannot thus withdraw children of the marriage from the protective custody of the court.

*Fuchs v. Fuchs*, 260 N.C. 635, 639, 133 S.E. 2d 487, 491 (1963). *Accord Wyatt v. Wyatt*, 27 N.C. App. 134, 218 S.E. 2d 194 (1975). This rule of law has developed because of the great importance the State ascribes to the custody and maintenance of children. "The interests of the State in the welfare of the child transcends any agreement of the parties." 2 Lee, North Carolina Family Law (4th ed. 1980) § 151, p. 229.

Based upon these principles, we conclude that defendant's agreement to relinquish his parental rights is void as against public policy because it removes from the court its power to assert the following objectives:

(1) The general purpose of [the procedure to terminate parental rights] is to provide judicial procedures for terminating the legal relationship between a child and his or her biological or legal parents when such parents have demonstrated that they will not provide the degree of care which promotes the healthy and orderly physical and emotional well-being of the child.

(2) It is the further purpose of this [procedure] to recognize the necessity for any child to have a permanent plan of care at the earliest possible age, while at the same time recognizing the need to protect all children from the unnecessary severance of a relationship with biological or legal parents.

(3) Action which is in the best interests of the child should be taken in all cases where the interests of the child and those of his or her parents or other persons are in conflict.

G.S. 7A-289.22. In essence, the parental rights of a parent in his child are not to be bartered away at the parent's whim. Thus,

there being no valid consideration to support the declaration that the 5 December 1977 separation agreement is null and void, the agreement stands. There is no genuine issue of material fact regarding defendant's obligation under this agreement, so plaintiff's summary judgment is affirmed.

[2] In plaintiff's assignment of error, she argues that the trial judge erred in denying her motion to amend her complaint to ask for the payments under the 5 December 1977 separation agreement which have accrued, but were not paid, since the filing of this action.

We agree with plaintiff that although her motion was to "amend" her complaint, it was in substance a motion to file a supplemental pleading under G.S. 1A-1, Rule 15(d), which provides, in part, as follows:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which may have happened since the date of the pleading sought to be supplemented, whether or not the original pleading is defective in its statement of a claim for relief or defense.

We find the following language determinative of this issue:

> Although the ruling on a motion to allow supplemental pleadings is within the trial judge's discretion, that discretion is not unlimited. Generally, the motion should be allowed unless its allowance would impose a substantial injustice upon the opposing party, "for it is the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities." *Mangum v. Surles*, 281 N.C. 91, 99, 187 S.E. 2d 697, 702 (1972). The rule that a motion to allow supplemental pleadings should ordinarily be granted is based upon the policy that a party should be protected from the harm which may occur if he is prevented from litigating certain issues merely by virtue of the court's denial of such a motion. In ruling on such a motion, the trial court should focus on any resulting unfairness which might occur to the party opposing the motion. In the absence of any apparent or declared reason for its denial, the

Allen v. Investors Heritage Life Ins. Co.

motion should be granted. In order to facilitate litigation of related issues in a single action, the court may impose terms or conditions upon the allowance of the motion whenever the terms appear to be required by considerations of fairness. *New Amsterdam Casualty Co. v. Waller*, 323 F. 2d 20 (4th Cir. 1963).

*vanDooren v. vanDooren*, 37 N.C. App. 333, 337-38, 246 S.E. 2d 20, 23-24, *disc. rev. denied*, 295 N.C. 653, 248 S.E. 2d 258 (1978).

In the present case, the trial judge should have allowed plaintiff's motion to supplement her pleadings. We perceive no unfairness that would result to defendant if the motion is granted. Further, we find no apparent or declared reason for its denial. Since granting the motion would facilitate the litigation of related issues in a single action, the trial judge abused his discretion by denying plaintiff's motion.

Thus, although summary judgment for plaintiff was appropriate, the cause must be remanded to the district court for reconsideration of whether the judgment should include the payments owed to plaintiff by defendant under the 5 December 1977 separation agreement which have accrued since the filing of this action.

Affirmed in part, reversed in part, and remanded.

Judges WELLS and BECTON concur.