THOMAS E. MILLER v. RUTH'S OF NORTH CAROLINA, INC., B & H FOODS, INC., FRANCES JUNE GRIFFIN, ROBERT GRIFFIN, RUTH'S OF SOUTH CAROLINA, INC., AND B & H, INC. OF CHESTER

No. 8326SC847

(Filed 19 June 1984)

1. **Appeal and Error § 24; Corporations § 6— redemption of plaintiff's shares in defendant corporations—absence of exception—relinquishment of other claims**

   Where plaintiff minority shareholder failed to except to the trial court's conclusion that, upon payment by the corporate defendants for the redemption of his shares in the corporations, the corporate and individual defendants should be relieved and forever discharged for any obligation any of them might have by reason of acts of mismanagement or otherwise arising out of the operation of the corporate defendants, plaintiff thereby relinquished his right to pursue any other claims he might have against defendants which arose out of the management and operation of defendant corporations.

2. **Pleadings § 17— function of a reply**

   The function of a reply is to deny new matter alleged in the answer or affirmative defenses which the plaintiff does not admit, and the reply may not state a cause of action.

3. **Corporations § 14— redemption of plaintiff's shares in corporations—decision of wrongful conduct by plaintiff affecting corporations**

   Where the trial court ordered the corporate defendants to redeem plaintiff's shares in the corporations, the court properly entered summary judgment dismissing defendants' counterclaim for damages for breaches of plaintiff's fiduciary duties while an officer and director of the corporations since any wrongful conduct by plaintiff affecting the corporations would have been necessarily reflected in the amount the corporate defendants were ordered to pay as the fair market value of plaintiff's shares.

APPEAL by plaintiff and defendants from *Griffin, Judge.* Order entered 9 June 1983 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 May 1984.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage and Debra L. Foster for plaintiff appellant-appellee.*

*Fairley, Hamrick, Monteith & Cobb by S. Dean Hamrick and F. Lane Williamson for defendant appellants-appellees.*

BRASWELL, Judge.

This appeal is the third arising out of litigation between these parties. Ruth's I [now concluded and reported in 68 N.C. App. 40, 313 S.E. 2d 849 (1984)] concerned the denial of the plaintiff's request for attorneys' fees after maintaining a successful action in which the defendant-corporations were required to redeem the plaintiff's shares of stock. Ruth's II, currently before this Court, stemmed from the entry of summary judgment in favor of the defendants, dismissing an action filed on 15 January 1982 which included shareholders' derivative claims as well as plaintiff's individual claims. Ruth's III is the subject of this opinion. The plaintiff in this case has appealed the denial of his motion for leave of court to file a supplemental complaint and the granting of the defendants' motion to strike a supplemental claim in his "reply." The defendant-corporations have appealed the entry of summary judgment in favor of the plaintiff, dismissing their counterclaim.

The plaintiff sued as a minority shareholder in two food distribution corporations, Ruth's of North Carolina, Inc., and Ruth's of South Carolina, Inc. The defendant Frances June Griffin is the majority shareholder in these corporations as well as in the two other defendant corporations. The plaintiff, past president and director of the Ruth's corporations, brought this action on 6 December 1976 alleging various acts of mismanagement and breaches of fiduciary duty by the defendants.

The complaint sought relief by asking for the appointment of a receiver for the liquidation and involuntary dissolution of the two Ruth's companies, or in the alternative, by requiring the Ruth's companies to repurchase the plaintiff's shares at their fair market value. The defendants' answer contained a counterclaim seeking damages for various breaches of the plaintiff's fiduciary duties while an officer and a director of the Ruth's corporations prior to 6 December 1976 and as a shareholder since 6 December 1976. The plaintiff, on 22 March 1977 in response to the counterclaim, filed a document entitled "Answer to Counterclaim, Offset and Supplement to Complaint," seeking damages in the amount of one million dollars against the defendants Robert Griffin and Frances June Griffin for their efforts to squeeze the plaintiff out of the Ruth's corporations. The defendants, on 29 March 1977,

moved to have the counterclaim asserted within the plaintiff's "reply" stricken. The motion was not ruled on at that time. The record further shows that, on 5 May 1981, the plaintiff made a motion for leave of court to file a supplemental complaint pursuant to G.S. 1A-1, Rule 15(d). This motion was denied.

This case went to trial on 11 January 1982. The plaintiff and the defendants differed on what issues were before the court. The plaintiff contended that he had alleged in his pleadings a derivative suit as well as an action for his individual claims against the defendants. The defendants, on the other hand, asserted that the only issue before the trial court was whether the court should appoint a receiver to effect dissolution and liquidation of the Ruth's corporations or whether the Court should enter redemption of the plaintiff's shares of stock. Based on these contentions, the trial court ordered "that only the issues involving the appointment of a receiver or alternative equitable relief should be tried in this action at this time, and that all other issues and claims, if any there be, should be, and hereby are, severed and to be tried separately." Thus, only the individual claims against these parties and not the derivative claims on behalf of the corporation were to be litigated at this time.

On 3 March 1982, the trial court, supported by findings of fact and conclusions of law, ordered in lieu of liquidation under its authority pursuant to G.S. 55-125.1 that "the respective Ruth's corporations shall purchase at their fair value the respective shares of the plaintiff in such respective corporations." Since no finding or conclusion of law in this judgment was excepted or objected to, the defendants' liability was not contested. A reference was then ordered and a referee was appointed to determine the shares' fair market value.

Based on the referee's report, the trial court ordered the plaintiff to deliver his shares in Ruth's of North Carolina and that the defendants pay $165,615, plus interest, to the Clerk of Court. The plaintiff was also ordered to deliver his shares in the Ruth's of South Carolina to the Clerk and the defendant was required to purchase these shares for $132,400, plus interest. Neither the plaintiff nor the defendants excepted to any of the trial court's findings of fact or conclusions of law in this judgment. Thus, the amount of the defendants' liability was not disputed.

Thereafter, the plaintiff moved on 21 April 1983 for summary judgment. On 9 June 1983, "upon defendants' motion (filed March 29, 1977) to strike the counterclaim alleged in the reply of plaintiff, and upon the motion (filed April 21, 1983) of plaintiff for summary judgment dismissing the counterclaim," the trial court granted the defendants' motion to strike, dismissing the claim within the plaintiff's reply and granted the plaintiff's motion for summary judgment, dismissing the defendants' counterclaim. From this order, the plaintiff and the defendant Ruth's corporations appeal.

The plaintiff assigns as error the denial of his motion for leave of court to file a supplemental complaint and the granting of the defendants' motion to strike the supplemental claim in his pleading entitled "Answer to Counterclaim, Offset and Supplement to Complaint." These supplemental claims, denominated as such by motion or in the pleading itself, are governed by G.S. 1A-1, Rule 15(d). Generally, motions to allow supplemental pleadings should be freely granted unless their allowance would impose a substantial injustice upon the opposing party. *Foy v. Foy*, 57 N.C. App. 128, 290 S.E. 2d 748 (1982). However, by the very way in which this case has progressed, we find it unnecessary to reach a determination of whether these newly asserted claims within these supplemental pleadings would impose a substantial injustice against the defendants.

[1] By severing all other issues for trial, the trial court only dealt with those issues involving the individual claims brought by the plaintiff against the defendants and those brought by the defendants against the plaintiff. The first judgment entered in this case established the defendants' liability. Through the second judgment entered against the defendants, the amount of their liability was determined. Within the last judgment, the following conclusion of law appears, to which no exception was taken:

6. Upon payment by the corporate defendants of the amounts specified herein, the corporate defendants and the individual defendants shall be *relieved* and *forever discharged* for any obligation any of them may have by reason of any acts of mismanagement or otherwise arising out of the operation of the corporate defendants. (Emphasis added.)

The trial court further provided that "[t]here is no just cause for delay and this is a final Judgment from which any party hereto may appeal." No appeal has been taken from this judgment. We hold that the plaintiff by failing to except to this conclusion of law has in effect relinquished his right to pursue any other claims he might have against the defendants which arise out of the management and operation of the defendant-corporations. The trial court, using its discretionary powers under G.S. 55-125.1(a)(4) for the protection of a minority shareholder, ordered relief which would best compensate the plaintiff once and for all. The trial court viewed the relief given as settling all the plaintiff's claims against the defendants. By not objecting, the plaintiff is bound by that "settlement." This reasoning is reinforced by the fact that within the "Supplemental Complaint" the plaintiff prayed for the exact relief—the redemption of his shares—as awarded in the final judgment. The plaintiff cannot now complain that his motion to file a supplemental pleading was denied when the relief sought in that pleading has been awarded.

[2] We similarly feel that the million dollar claim against the individual defendants asserted in the "Answer to Counterclaim" cannot now be pursued because the allegations of this claim also stem from alleged wrongdoing by the individual defendants in their management and operation of the Ruth's corporations. Also, G.S. 1A-1, Rule 7(a), provides in part that "[t]here shall be a complaint and an answer; a reply to a counterclaim denominated as such. . . . No other pleading shall be allowed." Plaintiff's response to the counterclaim is limited to a reply by this rule. There is no such pleading as an "Answer to Counterclaim, Offset and Supplement to Complaint." In any event, the function of a reply is to deny the new matter alleged in the answer or affirmative defenses which the plaintiff does not admit. A reply may not state a cause of action. *Phillips v. Mining Co.*, 244 N.C. 17, 92 S.E. 2d 429 (1956). Other matters within a reply outside of this scope may properly be stricken on motion. *Davis v. Highway Commission*, 271 N.C. 405, 156 S.E. 2d 685 (1967). Realizing that additional claims are not properly pled in a reply, the plaintiff in the "Answer to Counterclaim" asks that "this pleading be allowed by the Court as a supplement to plaintiff's Complaint pursuant to G.S. 1A-1, Rule 15(d). According to Rule 15(d), however, supplemental pleadings may be allowed upon a party's motion in the

trial court's discretion, not as a matter of right, upon terms as are just. *See Deutsch v. Fisher,* 32 N.C. App. 688, 233 S.E. 2d 646 (1977), *affirmed,* 39 N.C. App. 304, 250 S.E. 2d 304, *disc. rev. denied,* 296 N.C. 736, 254 S.E. 2d 177 (1979). No abuse of discretion having been shown, we hold that the trial court properly denied the plaintiff's motion under Rule 15(d) and properly granted the defendants' motion to strike the supplemental claim in the document labeled "Answer to Counterclaim."

[3]  The defendants, Ruth's of North Carolina and Ruth's of South Carolina, have also appealed in this case and have assigned as error the granting of summary judgment in favor of the plaintiff, dismissing their counterclaim. When the trial began and the parties differed as to what issues had been raised by the pleadings, the trial court ordered that only the issues involving the appointment of a receiver or the granting of any alternative equitable relief should be tried immediately. The issue of whether the plaintiff had properly pled a shareholders' derivative action was to be decided at a later date. With only the individual claims between the parties remaining, the trial judge made a final disposition of this part of the case when pursuant to his equitable powers under G.S. 55-125.1(a)(4) he ordered the corporate-defendants to redeem the plaintiff's shares. Because the trial court was in the process of resolving all of the individual claims asserted, any wrongful conduct by the plaintiff affecting the corporations would have been necessarily reflected in the amount that the corporate-defendants were ordered to pay as the fair market value of his shares. Thus, since the counterclaim was disposed of through the final judgment filed 19 October 1982, we hold that no genuine issue of any material fact existed for trial and that the trial court properly granted the plaintiff's motion for summary judgment.

With regard to both parties' appeal, the judgment of the trial court is

Affirmed.

Chief Judge VAUGHN and Judge EAGLES concur.