CAROLYN SMITHERMAN HUNT, PLAINTIFF v. CARL VANCE HUNT, JR., DEFENDANT

No. 9421DC204

(Filed 6 December 1994)

**1. Pleadings § 350 (NCI4th)— reply—admission of allegations in counterclaim allowed**

Excluded from a reply is a new cause of action or other matter beyond the scope of the new matter raised in the answer; therefore, a reply, when authorized, may properly admit, as well as deny, allegations contained in a counterclaim.

**Am Jur 2d, Pleading §§ 188, 189.**

**2. Pleadings § 350 (NCI4th)— counterclaim for equitable distribution—joining in claim by reply—striking of reply error**

Defendant was estopped from defeating, by submitting to a voluntary dismissal of his counterclaim, plaintiff's right to an equitable distribution of the parties' marital property where defendant husband asserted a counterclaim, though not denominated as such, for equitable distribution; plaintiff joined in the claim by her reply; and the trial court, without objection by defendant husband, preserved the issue of equitable distribution for further proceedings prior to its entry of the judgment of absolute divorce.

**Am Jur 2d, Pleading §§ 188, 189.**

Appeal by plaintiff from orders entered 5 November and 24 November 1993 by Judge R. Kason Keiger in Forsyth County District Court. Heard in the Court of Appeals 20 October 1994.

**HUNT v. HUNT**

[117 N.C. App. 280 (1994)]

Plaintiff instituted this action against defendant, then her husband, on 12 April 1993. Plaintiff's complaint sets forth claims for absolute divorce, child custody and support, and alimony, both *pendente lite* and permanent, but did not contain a claim for an equitable distribution of marital property. Defendant, appearing *pro se*, timely filed an answer, and, four days later, an "Addendum to Answer." In both pleadings, defendant requested the court to enter an order distributing the parties' assets "in an equitable manner", although he did not denominate such requests as a counterclaim in either document.

On 28 June 1993, defendant, then represented by counsel, filed a motion for summary judgment on the issue of absolute divorce. On 8 July 1993, plaintiff filed a pleading captioned "Reply" in which she alleged that defendant had asserted a counterclaim for equitable distribution, admitted that the parties had accumulated marital property, and joined in defendant's request for "an Equitable Distribution of the parties' marital property pursuant to N.C.G.S. §50-20(a) et seq. . . . ." The same day, defendant's summary judgment motion was heard by District Court Judge Margaret L. Sharpe. Both parties consented to the entry of the absolute divorce judgment, however, plaintiff moved in open court for an order severing the issue of equitable distribution from the absolute divorce proceedings. Without objection from defendant, Judge Sharpe allowed plaintiff's motion and withheld entry of the judgment of absolute divorce in order to give counsel an opportunity to agree upon the terms of the order severing equitable distribution. On 9 July 1993, Judge Sharpe entered an order finding that defendant had asserted an undenominated counterclaim for equitable distribution in his answer and providing that the issue of equitable distribution be severed from the absolute divorce action and preserved for further proceedings by the court. No exception to that order was taken by either party. A judgment of absolute divorce was entered on 13 July 1993.

On 3 August 1993, defendant filed a motion to strike plaintiff's Reply on the grounds that the Reply impermissibly raised "a new cause of action" for equitable distribution. A hearing on the motion was held on 27 September 1993 before Judge R. Kason Keiger. On the same date, after the hearing on defendant's motion, plaintiff moved for leave to amend her complaint to allege a claim for equitable distribution. On 1 October 1993, before plaintiff's motion was heard, defendant voluntarily dismissed his counterclaim for equitable distribution.

On 5 November, Judge Keiger entered an order, *nunc pro tunc* for 27 September 1993, allowing defendant's motion to strike plaintiff's Reply. On 24 November 1993, Judge Keiger entered an order denying plaintiff's motion for leave to file an amended complaint. Plaintiff appeals from both orders.

*Wolfe and Collins, P.A., by John G. Wolfe, III, George M. Cleland, IV, and Shannon L. Warf, for plaintiff-appellant.*

*No brief filed for defendant-appellee.*

MARTIN, Judge.

Although plaintiff's brief contains multiple arguments in support of fourteen assignments of error, her contentions are essentially twofold: (1) that the trial court committed a legal error by granting defendant's motion to strike her reply, and (2) that the trial court abused its discretion by denying her motion to amend her complaint to allege a claim for equitable distribution. Because we find merit in her first contention, it is unnecessary for us to reach the second.

In his order granting defendant's motion to strike plaintiff's reply, Judge Keiger concluded as a matter of law:

2. Although the defendant failed to denominate his equitable distribution counterclaim as such, the Court concludes that the answer and addendum to answer that was filed by the defendant pro se was sufficient to state a claim for relief and to put the plaintiff on notice that the defendant was making an equitable distribution claim.

3. A party may not admit to a claim for equitable distribution in a reply, the function of a reply being to deny a new matter raised in a counterclaim. The Court concludes that it was improper for the plaintiff to admit or join in claims through a reply pleading since those matters are outside the scope of a denial.

[1] We believe the trial court was too restrictive in its interpretation of the purpose of a reply. The function of a reply is to meet new matter or affirmative defenses set forth in the answer. *Miller v. Ruth's of North Carolina, Inc.*, 69 N.C. App. 153, 316 S.E.2d 622, *disc. review denied*, 312 N.C. 494, 322 S.E.2d 557 (1984). In meeting such new matter, however, a plaintiff's reply is not limited solely to a denial thereof. "It must be limited to *an admission or denial* of the new matter set up in the answer." (Emphasis added.) *Spain v. Brown*, 236 N.C.

355, 357, 72 S.E.2d 918, 919 (1952). What is excluded from a reply is a new cause of action or other matter beyond the scope of the new matter raised in the answer. *Id.* Thus, we hold that a reply, when authorized, may properly admit, as well as deny, allegations contained in a counterclaim.

**[2]** G.S. § 1A-1, Rule 7(a) governs the pleadings permitted in actions of a civil nature, including domestic relations actions such as the present case. *See* G.S. § 50-21 (claim for equitable distribution may be brought as a separate civil action or joined with any other action brought pursuant to Chapter 50); *Quick v. Quick,* 305 N.C. 446, 290 S.E.2d 653 (1982) (Rules of Civil Procedure applicable to actions for permanent alimony); *Gardner v. Gardner,* 294 N.C. 172, 240 S.E.2d 399 (1978) (Statutes dealing with marital disputes indicate legislative intent that same procedure be used as in other civil actions unless differing procedure expressly provided for by statute). Our equitable distribution statutes do not provide for pleadings different from those authorized by Rule 7(a).

Rule 7(a) provides "[t]here shall be a complaint and an answer; a reply to a counterclaim *denominated as such;* . . . . No other pleading shall be allowed except that the court may order a reply to an answer or a third party answer." (Emphasis added.) Under the rule, a reply is required only where a counterclaim is denominated as such. *Beal v. Dellinger,* 38 N.C. App. 732, 248 S.E.2d 775 (1978). Indeed, under a strict application of the rule, no reply would be permitted to an undenominated counterclaim such as that contained in defendant's answer and addendum to answer. However, Rule 8(c) provides, *inter alia,* "[w]hen a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, on terms, if justice so requires, *shall* treat the pleading as if there had been a proper designation." (Emphasis added.)

In the present case, defendant, filing *pro se* pleadings in response to plaintiff's complaint, raised the issue of distribution of the parties' marital property and prayed for the affirmative relief of "an order requiring Defendant and Plaintiff to distribute any and all assets in an equitable manner," in effect asserting a counterclaim for equitable distribution. *See McCarley v. McCarley,* 289 N.C. 109, 221 S.E.2d 490 (1976). Pursuant to Rule 8(c), justice requires that the trial court treat the defendant's pleadings as a counterclaim for equitable distribution and permit plaintiff to reply. Accordingly, it was error to strike plaintiff's reply.

In her reply, plaintiff joined in defendant's request for an equitable distribution of the parties' marital property, thus asserting her right for equitable distribution as well. *See McCarley, supra.* Prior to entry of the judgment of absolute divorce, the trial court entered an order, without objection from defendant, preserving the issue of equitable distribution. We hold that defendant was precluded, by principles of equitable estoppel, from defeating plaintiff's right to equitable distribution by submitting to a voluntary dismissal of his counterclaim.

Though not precisely on point, *Gilbert v. Gilbert,* 111 N.C. App. 233, 431 S.E.2d 805 (1993), is instructive. In *Gilbert,* the plaintiff husband filed a complaint for divorce, alleging that an equitable distribution would not be necessary because the marital property would be divided by agreement of the parties. The defendant wife, who was not represented, did not assert a claim for equitable distribution and a judgment of absolute divorce was entered. Sometime thereafter, when the plaintiff husband did not convey title to certain marital property, the defendant wife filed a motion in the cause requesting the court to proceed with equitable distribution of the marital property. The husband claimed that the court was without authority to do so because a judgment of absolute divorce had been entered before the wife had asserted her claim for equitable distribution, thus precluding the wife's right thereto by reason of the provisions of G.S. § 50-11(e). This Court held that although the wife had not timely asserted her claim for equitable distribution, the husband's assertion, in his divorce complaint, that equitable distribution was unnecessary because the parties would agree as to the division of their property, equity estopped him from objecting to the wife's claim for equitable distribution.

The facts before us are even more compelling. Defendant husband asserted a counterclaim for equitable distribution, in which plaintiff joined by her reply. The trial court, without objection by defendant husband, preserved the issue of equitable distribution for further proceedings prior to its entry of the judgment of absolute divorce. We hold, under these facts, that defendant is now estopped from defeating, by submitting to a voluntary dismissal of his counterclaim, plaintiff's right to an equitable distribution of the parties' marital property. *See McCarley, supra.*

The 5 November 1993 order striking plaintiff's Reply to defendants counterclaim for equitable distribution is reversed and this case

## IN RE APPEAL OF FAYETTEVILLE HOTEL ASSOC.

[117 N.C. App. 285 (1994)]

is remanded to the District Court for further proceedings to effect an equitable distribution of the parties' marital property. In light of our decision, we do not reach plaintiff's appeal from the 24 November 1993 order denying plaintiff's motion for leave to amend her complaint.

Reversed and remanded.

Judges JOHNSON and THOMPSON concur.