THELMA WIGGINS LAFFERTY, Plaintiff v. ROY ELVIN LAFFERTY, Defendant

No. COA96-432

(Filed 4 March 1997)

**Abatement, Survival, and Revival of Actions § 11 (NCI4th)— separation agreement—counterclaim in another county— reply seeking affirmative relief—voluntary dismissal without consent—ineffectiveness—abatement of new action**

Plaintiff's Nash County claim for specific performance of a separation agreement abated because there was a pending action between the same parties for the same cause in Hertford County where plaintiff counterclaimed in defendant's divorce action in Hertford County for enforcement of the separation agreement; defendant filed a reply seeking nullification or modification of the separation agreement and other affirmative relief; plaintiff subsequently filed a notice of dismissal of her counterclaim in Hertford County without defendant's consent; plaintiff's notice of dismissal without defendant's consent was ineffective because defendant's reply sought affirmative relief growing out of the same transaction; and the Hertford County counterclaim was thus not properly dismissed and is still pending.

**Am Jur 2d, Abatement, Survival, and Revival §§ 5, 6, 13, 14.**

LAFFERTY v. LAFFERTY

[125 N.C. App. 611 (1997)]

**Pendency of prior action for absolute or limited divorce between same spouses in same jurisdiction as precluding subsequent action of like nature. 31 ALR2d 442.**

Appeal by plaintiff from order entered 21 November 1995 and amended 20 February 1996 by Judge Albert S. Thomas, Jr. in Nash County District Court. Heard in the Court of Appeals 8 January 1997.

*Godwin & Spivey, by W. Michael Spivey, for plaintiff-appellant.*

*Perry W. Martin for defendant-appellee.*

LEWIS, Judge.

The following facts are contained in the trial court's findings and have not been assigned as error by plaintiff. They are therefore binding on this Court. *See State v. Ward*, 66 N.C. App. 352, 354, 311 S.E.2d 591, 592 (1984).

On 30 September 1985, defendant Roy Elvin Lafferty filed for absolute divorce from plaintiff Thelma Wiggins Lafferty in Hertford County District Court. On 13 December 1985, plaintiff filed an answer and counterclaimed for enforcement of a separation agreement entered into by the parties. In response to plaintiff's counterclaim, defendant filed a reply seeking various forms of affirmative relief, namely nullification or modification of the separation agreement, reimbursement for an unauthorized sale of property and the emancipation of the parties' child. The Hertford County District Court thereafter severed the counterclaim from the divorce action and entered a decree of absolute divorce. No other written judgment was ever entered into or signed.

Subsequently, plaintiff, defendant in Hertford County, filed this action in Nash County District Court on 14 September 1994 seeking specific performance of the separation agreement. Defendant, plaintiff in Hertford County, moved to dismiss this action on the ground that the Hertford County action was still pending. Subsequently, on 10 May 1995, plaintiff filed a Notice of Voluntary Dismissal in Hertford County.

Based on these findings of fact, the Nash County District Court concluded that, despite plaintiff's attempt to voluntarily dismiss it, the Hertford County case was still pending and therefore the Nash County case must abate. Plaintiff appeals this ruling. We affirm.

LAFFERTY v. LAFFERTY

[125 N.C. App. 611 (1997)]

In North Carolina, "the pendency of a prior action between the same parties for the same cause in a state court of competent jurisdiction abates a subsequent action in another court of the state having like jurisdiction." *Weaver v. Early*, 325 N.C. 535, 538, 385 S.E.2d 334, 336 (1989). Therefore, the issue in the present case is whether plaintiff's notice of dismissal was sufficient to terminate the Hertford County case. We hold that it was not.

N.C.R. Civ. P. 41 allows a plaintiff to voluntarily dismiss his or her case at any time prior to resting. N.C.R. Civ. P. 41(a)(1) (1990). However, in situations "[w]here defendant sets up a claim for affirmative relief against plaintiffs arising out of the same transactions alleged by plaintiffs, plaintiffs cannot take a voluntary dismissal under Rule 41 without the consent of defendant." *Maurice v. Motel Corp.*, 38 N.C. App. 588, 592, 248 S.E.2d 430, 433 (1978) (citing *McCarley v. McCarley*, 289 N.C. 109, 221 S.E.2d 490 (1976)). This exception has also been applied to a defendant attempting to dismiss a counterclaim when the plaintiff has joined in the requested relief by reply. *See Hunt v. Hunt*, 117 N.C. App. 280, 284, 450 S.E.2d 558, 561 (1994).

> The rationale for this rule of practice is simply that it would be manifestly unjust to allow a plaintiff, who comes into court upon solemn allegations which, if true, entitle defendant to some affirmative relief against the plaintiff, to withdraw, *ex parte*, the allegations after defendant has demanded the relief to which they entitle him. Upon demand for such relief defendant's right to have his claim adjudicated in the case "has supervened," and plaintiff thereby loses the right to withdraw allegations upon which defendant's claim is based without defendant's consent.

*McCarley v. McCarley*, 289 N.C. 109, 113, 221 S.E.2d 490, 493 (1976) (citation omitted).

Although this is not a situation where the plaintiff wishes to withdraw his or her original action after the defendant has filed a counterclaim or one where the reply also seeks the relief requested by the counterclaim, we discern no reason why the rule set out in the above cases should not apply here. Plaintiff attempted to dismiss her counterclaim in the Hertford County action, which sought enforcement of the parties' separation agreement, after defendant had replied and sought affirmative relief arising out of the same transaction. Plaintiff argues that because defendant's reply improperly contained new claims for relief, it should be disregarded and her voluntary dismissal

**LAFFERTY v. LAFFERTY**

[125 N.C. App. 611 (1997)]

allowed. Although we agree that a reply may not contain a new cause of action, *see Miller v. Ruth's of North Carolina, Inc.*, 69 N.C. App. 153, 157, 316 S.E.2d 622, 625, *disc. review denied*, 312 N.C. 494, 322 S.E.2d 557 (1984), the facts of this case preclude our siding with plaintiff.

"[M]atters within a reply [which state a new cause of action] may properly be stricken on motion." *Id.* In this case, plaintiff never moved to strike the improper aspects of defendant's reply in the almost ten years which passed between the service of the reply and her attempt to voluntarily dismiss the Hertford County suit. We find that Ms. Lafferty has implicitly accepted Mr. Lafferty's request for affirmative relief and is estopped from withdrawing her counterclaim and frustrating his right to seek that relief. *See Hunt*, 117 N.C. App. at 284, 450 S.E.2d at 561. Therefore, since Mr. Lafferty never granted his permission for Ms. Lafferty to dismiss her counterclaim, it was not properly dismissed and still remains in full force and effect in Hertford County.

Accordingly, the trial court in Nash County correctly ruled that the present action abates since there is a pending action between the same parties for the same cause of action in another state court.

Affirmed.

Judges WALKER and MARTIN, MARK D. concur.